**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1202C
(Filed: November 12, 2015)
NOT FOR PUBLICATION

**FILED**
NOV 12 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ERIC M. RICHARDSON, ) <br> ) <br> *Pro Se* Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Pro Se; Sua Sponte Dismissal; Lack of Subject Matter Jurisdiction |

## ORDER OF DISMISSAL

The court is in receipt of the complaint filed on October 14, 2015 by pro se plaintiff Eric Richardson. Mr. Richardson, who is incarcerated in Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, claims that the United States District Court for the District of Maryland ("the district court") and the United States Attorney's Office for the District of Maryland ("the U.S. Attorney's Office") violated his civil rights pursuant to 42 U.S.C. §§ 1985 and 1986 based on an "unlawful restraint of liberty." Compl. 2.[1] Mr. Richardson asserts that this court has jurisdiction to hear his case under the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.[2]

Plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739

---

[1] Because the only proper defendant for any matter before this court is the United States, the court has construed the claims against the district court and the U.S. Attorney's Office as claims against the United States ("the government").

[2] The court is also in receipt of letters from Mr. Richardson concerning the nature of his suit. "Nature of suit" codes are used for statistical purposes and do not affect consideration of the case.

F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted); Mora v. United States, 118 Fed. Cl. 713, 715 (2014) (citation omitted). Under Rule 12(h)(3) of the Rules of the Court of Federal Claims, the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

The court finds that it lacks jurisdiction over Mr. Richardson's complaint for three reasons. First, this court "lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." Judd v. United States, No. 15-586C, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (quoting Beadles v. United States, 115 Fed. Cl. 242, 245 (2014)). This court also "has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citations omitted). Mr. Richardson's claims would require this court to review the actions of the district court and consider the validity of his criminal conviction.

Second, it is well-settled that this court lacks jurisdiction over civil rights actions, including Mr. Richardson's claims arising under 42 U.S.C. §§ 1985 and 1986. See Colbert v. United States, No. 2014-5029, 2015 WL 2343578, at *1 n.1 (Fed. Cir. May 18, 2015); see also Ilaw v. United States, 121 Fed. Cl. 408, 426 (2015).

Finally, the Tucker Act grants this court jurisdiction over claims against the government that are founded on the Constitution, laws, treaties, or contracts of the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not create substantive rights; it only waives sovereign immunity for claims premised on other sources of law, such as statutes or contracts, that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)). The APA is not a money-mandating statute, see, e.g., Wopsock v. Natchees, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (citing 5 U.S.C. § 702), and does not authorize review of federal court decisions. See 5 U.S.C. § 701(b)(1)(B) (excluding federal courts from the APA's definition of "agency"); Ealy v. United States, 120 Fed. Cl. 801, 805 (2015). In sum, the APA cannot provide a basis for this court to hear Mr. Richardson's claims.

Therefore, because this court lacks jurisdiction, Mr. Richardson's complaint is **DISMISSED**.[3] The Clerk is directed to enter judgment accordingly.

---

[3] Along with the complaint, Mr. Richardson filed a motion to proceed in forma pauperis. Mr. Richardson's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint. However, Mr. Richardson may still be required to pay the full amount of

IT IS SO ORDERED.

*[signature]*
NANCY B. FIRESTONE
Judge

---

the filing fee under 28 U.S.C. § 1915(b).  In addition, the court finds that Mr. Richardson's complaint was frivolous, making this a "strike" under 28 U.S.C. § 1915(g).