**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1202C
(Filed: December 3, 2015)
NOT FOR PUBLICATION

FILED
DEC - 3 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ERIC M. RICHARDSON, | ) |
| *Pro Se* Plaintiff, | ) Pro Se; Denial of Motion to Join |
| v. | ) Claims and Defendants; Denial of |
| THE UNITED STATES, | ) Motion to Amend; RCFC 15; |
| Defendant. | ) RCFC 18 |

**ORDER DENYING MOTION TO JOIN CLAIMS AND DEFENDANTS**

On November 12, 2015, this court sua sponte dismissed pro se plaintiff Eric Richardson's complaint for lack of jurisdiction. See Richardson v. United States, No. 15-1202, 2015 WL 7271825 (Fed. Cl. Nov. 12, 2015) (ECF No. 9). Now pending before the court is Mr. Richardson's motion to join claims pursuant to Rule 18 of the Rules of the United States Court of Federal Claims ("RCFC").[1] Mr. Richardson also seeks to join as defendants the Federal Bureau of Prisons ("BOP") and Federal Prison Industries, Inc. ("FPI"), a government corporation also known as UNICOR that provides work opportunities for inmates.[2] For the following reasons, Mr. Richardson's motion is **DENIED**.

---

[1] RCFC 18 provides that in general "[a] party asserting a claim or counterclaim may join, as independent or alternative claims, as many claims as it has against an opposing party."

[2] See generally 28 C.F.R. §§ 345.10-345.84; Salter v. United States, 119 Fed. Cl. 359, 361 n.3 (2014) (citing Core Concepts of Fla., Inc. v. United States, 327 F.3d 1331, 1333 (Fed. Cir. 2003)). However, because the only proper defendant for any matter before this court is the United States, the court construes Mr. Richardson's claims against the BOP and FPI as claims against the United States. Accordingly, Mr. Richardson's request to join parties as defendants is **DENIED AS MOOT**.

Ordinarily, claims cannot be joined after a complaint has been dismissed. However, the court reads Mr. Richardson's motion liberally as a request for leave to amend his complaint in order to cure the grounds for dismissal. The Court of Federal Claims has considered such motions even after judgment has been entered in a case; however, denial is justified when the amendment would be futile. See, e.g., Piotrowski v. United States, No. 13-760, 2015 WL 1651610, at *4 (Fed. Cl. Apr. 10, 2015) (citing Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989); Taylor v. United States, No. 13-112C, 2013 WL 1094818, at *1 (Fed. Cl. Mar. 18, 2013); Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 476 (2012), aff'd, 737 F.3d 750 (Fed. Cir. 2013).

In his original complaint, filed on October 14, 2015, Mr. Richardson claimed that the United States District Court for the District of Maryland ("the district court") and the United States Attorney's Office for the District of Maryland ("the U.S. Attorney's Office") violated his civil rights pursuant to 42 U.S.C. §§ 1985 and 1986 based on an "unlawful restraint of liberty."[3] Mr. Richardson asserted that this court had jurisdiction to hear his case under the Tucker Act, 28 U.S.C. § 1491(a), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.2. As noted, this court dismissed Mr. Richardson's complaint for lack of jurisdiction. The court found that Mr. Richardson's claims would have required this court to impermissibly review the actions of the district court and consider the validity of his criminal conviction. See Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015). In addition, this court lacks jurisdiction over civil rights actions, including Mr. Richardson's claims arising under 42 U.S.C. §§ 1985 and 1986. See Colbert v. United States, 617 F. App'x 981, 982 n.1 (Fed. Cir. 2015). Finally, because the APA is not a money-mandating statute and does not authorize review of federal court decisions, the court found that the APA could not provide a basis for this court to hear Mr. Richardson's claims under the Tucker Act. See Wopsock v. Natchees, 454 F.3d 1327, 1333 (Fed. Cir. 2006); Ealy v. United States, 120 Fed. Cl. 801, 805 (2015).

In the pending motion, Mr. Richardson seeks to add claims against the United States based on allegations that the BOP did not properly supervise and train its employees, kidnapped him, violated his rights under the Maryland Constitution, violated state and federal regulations regarding wages, and violated the Eighth, Ninth, Tenth, and Thirteenth Amendments of the United States Constitution. In addition, Mr. Richardson claims that that FPI's employees were not properly supervised or trained and that FPI conspired with the district court, the U.S. Attorney's Office, and the BOP leading to his alleged unlawful restraint and violations of the Eighth Amendment, Thirteenth Amendment, Pennsylvania state law regarding pay, and unnamed federal regulations.

---

[3] Again, because the only proper defendant for any matter before this court is the United States, the court construed Mr. Richardson's claims against the district court and the U.S. Attorney's Office as claims against the United States.

      Even construed as an attempt to address the grounds for dismissal, Mr. Richardson's motion must be denied. The Federal Circuit has held that "futility . . . is an adequate reason to deny leave to amend" a complaint after judgment has been entered. See Cultor Corp. v. A.E. Staley Mfg. Co., 224 F.3d 1328, 1333 (Fed. Cir. 2000). Mr. Richardson's motion to join these claims or amend his complaint is futile because the additional claims would not cure this court's lack of jurisdiction. Under the Tucker Act, this court lacks jurisdiction to hear tort claims and state law claims[4] as well as claims arising under provisions of federal law that are not "money-mandating," including the Eighth, Ninth, Tenth, and Thirteenth Amendments. See Hardin v. United States, 123 Fed. Cl. 667 (2015) (citations omitted); Gibson v. United States, 121 Fed. Cl. 367, 370 (2015) (citations omitted). Moreover, Mr. Richardson fails to actually identify any potential money-mandating federal laws or regulations that could serve as a basis for this court to exercise jurisdiction. See generally Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

      Therefore, Mr. Richardson's motion to join claims or to amend his complaint is **DENIED**.

      **IT IS SO ORDERED.**

                                                                               NANCY B. FIRESTONE
                                                                               Judge

---

[4] "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added).